# EXHIBIT A

# STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  21-SCCV-093546

Premusca, Wannetta

---

**PLAINTIFF**

VS.

DKC Transportation, LLC
Robbins, Tony

---

**DEFENDANTS**

### SUMMONS

TO: ROBBINS, TONY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Paul R Ayerbe**
> **Ayerbe & Arnold**
> **3608 Vineville Avenue**
> **P.O. Box 6073**
> **Macon, Georgia 31208**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 10th day of November, 2021.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-093546**
JBH
NOV 10, 2021 04:02 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

WANNETTA PREMUSCA,

    Plaintiff,

    vs.

DKC TRANSPORTATION, LLC, TONY
ROBBINS, JOHN DOE and JOHN DOE,
LLC

    Defendants.

Civil Action No. _____

### C O M P L A I N T

COMES NOW, Wannetta Premusca and files this her Complaint against DKC Transportation, LLC, Tony Robbins, John Doe and John Doe, LLC showing the Court as follows:

1.

Defendant, DKC Transportation, LLC. is an Florida Corporation with its principal place of business in Dover, Florida. Pursuant to the Georgia Long Arm Statute, Defendant DKC Transportation, LLC. is subject to the jurisdiction of this Court. Venue is proper in this court.

2.

Defendant, Tony Robbins, resides in Greeneville, Tennessee. Pursuant to the Georgia Long Arm Statute, Defendant Toby Robbins is subject to the jurisdiction of this Court. Venue is proper in this court.

3.

John Doe and John Doe, LLC are unknown entities. Jurisdiction and venue are proper.

4.

On March 4, 2020, Tony Robbins was operating a commercial motor vehicle as defined in 49 CFR sec 390.5.  The vehicle Tony Robbins was operating on March 4, 2020 had a gross vehicle weight rating or gross combination weight rating or gross vehicle weight or gross combination weight of 10,001 pounds or more. The vehicle Tony Robbins was operating on March 4, 2020 was used on a highway in interstate commerce to transport property.

5.

Plaintiff shows that on or about March 4, 2020, she was traveling north on I-75 in Dooly County, Georgia. Defendant Robbins was traveling behind plaintiff's vehicle. As plaintiff was traveling, she was struck from behind by Defendant Robbins.    The force of the impact from Defendant Robbins' actions caused damage to the vehicle in which plaintiff was a passenger and injuries to Plaintiff.

6.

Defendant Tony Robbins violated the provisions of Georgia law for automotive safety and was negligent in the following particulars:

   a. In following too closely in violation of O.C.G.A 40-6-49;

   b. In misjudging clearance in order to avoid colliding with plaintiff's vehicle;

   c. In failing to keep a proper lookout in order to avoid colliding with plaintiff's vehicle;

-2-

   d.  In failing to exercise ordinary care;

   e.  Defendant Robbins was otherwise negligent.


7.

Plaintiff shows that at the time of the aforesaid collision, Defendant Robbins was the agent, servant and employee of DKC Transportation, LLC, and was acting within the scope of that employment. Any negligence on the part of Defendant Robbins is imputable to the Defendant DKC Transportation, LLC.


8.

DKC Transportation, LLC. negligently supervised hired, trained, and retained Defendant Robbins.  In addition, DKC Transportation, LLC. negligently entrusted the truck to Defendant Robbins.


9.

As a result of the collision complained of herein, Plaintiff sustained severe injuries and great pain of body and mind from which she did then suffer, now suffers, and may continue to suffer, and Plaintiff shows further that she has incurred expenses in the nature of medical bills, from the date of the accident until filing of this Complaint and continuing hereafter until Plaintiff fully recovers from her injuries resulting from the accident.

10.

Plaintiff shows that all of her injuries and damages were a direct result of and proximately caused by the joint and several acts of the defendants named above.

WHEREFORE, Plaintiff demands:

(a) That summons be issued requiring the Defendants to be served as provided by law and requiring the Defendants to answer the Complaint;

(b) That Plaintiff have a trial by a fair and impartial jury of twelve members;

(c) That Plaintiff obtain a judgment for damages against the Defendants jointly and severally in a sufficient amount to compensate her for her injures and damages;

(d) That the costs of bringing this action be assessed against the Defendants; and

(e) That Plaintiff has such other and further relief as this Court shall deem just and equitable

Respectfully submitted

/s/ Paul R. Ayerbe
PAUL R. AYERBE
Ga. Bar No. 029810

/s/ William T. Arnold
WILLIAM T. ARNOLD
Ga. Bar No. 120408

AYERBE & ARNOLD, LLC
3608 Vineville Avenue
Post Office Box 6073
Macon, Ga.  31208
(478) 474-2252

-4-

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-093546**
JBH
NOV 10, 2021 04:02 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| WANNETTA PREMUSCA,<br>　　Plaintiff,<br>　　vs.<br><br>DKC TRANSPORTATION, LLC, TONY<br>ROBBINS, JOHN DOE and JOHN DOE,<br>LLC<br>　　Defendants. | Civil Action No. _____ |

The plaintiff hereby propounds the following requests for production pursuant to O.C.G.A. § 9-11-34 to Tony Robbins.

INSTRUCTIONS FOR RESPONSE AND PRODUCTION

Items of tangible evidence to be produced include those in the possession of (1) of defendant, (2) all attorneys, servants, agents, representatives, private investigators of the defendant, (3) any others who have obtained information for or on behalf of any of the above, and (4) all other persons, firms, corporations or other legal entities where any persons or entities in categories (1), (2) or (3) have the legal right to the custody or control of, or permissive access to, the items of tangible evidence in question.

Items of tangible evidence requested for production hereinbelow shall be produced for the plaintiff's inspection and copying no later than 5:00 p.m. on the 45th day after service of these requests for production upon the defendant, unless that day is a Saturday, Sunday or legal holiday, in which case they shall be produced no later than 5:00 p.m. on the next day which is not a Saturday, Sunday or legal holiday.  The production shall take place at the office of the undersigned counsel of record for the plaintiff, where facilities are available for making proper copies, unless the defendant makes other suitable arrangements for production of the matter requested within the time

limits set forth above.

The obligation to produce items of tangible evidence hereinbelow requested may be satisfied by attaching to the answers a true and accurate copy of such items of tangible evidence, upon approval of the undersigned.

If production of the items of tangible evidence is impossible, verified reasons should be given.

"*Item of tangible evidence*" is defined in the broadest sense permitted by the applicable provisions of civil procedure, and specifically includes, without any limitation intended, all letters, memoranda, statements, reports, journals, appointment calendars, handwritten notes, files, file folders, photographs, books, tape recordings, transcripts, telephone records and recordings, all other electronic or phono recordings, all information in computers, in computer readable form or on microfilm, plans, surveys, diagrams, drawings, instructions, bills of sale, deeds, invoices, receipts, ledgers, tabulations, other records, and physical evidence of every kind.  The term is not limited to items of evidence which have been admitted into evidence in any proceeding, not to items which you agree are admissible.

You are requested to produce and to permit the plaintiff to inspect and copy each of the following:

1.    Any and all Defendant's driver's license(s).

2.    A copy of your driving record for the past ten years.  In lieu of providing this document, you may sign the attached authorization so that the plaintiff may obtain this information directly from the Department of Safety.

3.    All photographs videos or other plats, surveys, drawings, maps, sketches which have

anything to do with the wreck with plaintiff including any injury sustained by plaintiff.

4.    Any documents which reflect an agreement between you and anyone else regarding your ownership or use of the vehicle you were operating when the wreck occurred.

5.    All documents, which in any way refer or relate to the wreck with plaintiff, including any that were prepared by you.

6.    Any documents created or obtained by you during your trips up to and during the 90 days prior to the wreck. This request is intended to include the day of the wreck and as a point of explanation includes but is not limited to fuel receipts, toll receipts, notes, log book pages, general purchase receipts or government inspection documents.

7.    Any documents evidencing compensation to you for the 90 days up to and including the date of the wreck.

8.    All equipment and maintenance records on the subject vehicle.

9.    All Facebook, Twitter, Instagram or other social media postings which in any way refer or reference driving, working as a truck driver, working for a company that transports cargo, the wreck, any of the Defendants in this action, and the Plaintiff in this action.

10.    Any documents which in any way reference any drug test which you have taken or you were scheduled to take either as a post accident test, random test or otherwise.

/s/ Paul R. Ayerbe
PAUL R. AYERBE
GA. BAR NO. 029810

AYERBE & ARNOLD, LLC
3608 Vineville Avenue
Post Office Box 6073
Macon, Ga. 31208
(478) 474-2252

\

3

Date: _____

Department of Public Safety
Driver Services
P. O. Box 1456
Atlanta, Ga. 30371

Attn:        Motor Vehicle Records

    RE:   Name:          _____

          Address:       _____

                         _____

          D/O/B:         _____

          Drivers License #:   _____

Dear Sir/Madam:

        I hereby authorize you to forward a copy of my Motor Vehicle Record for the last seven (7)
years to:

                        AYERBE & ARNOLD, LLC
                        3608 Vineville Avenue
                        Post Office Box 6073
                        Macon, Ga. 31208
                        (478) 474-2252


                        Sincerely,


                        By   _____

SWORN TO AND SUBSCRIBED before me,
this _____ day of _____, 2021.


_____
NOTARY PUBLIC
My Commission Expires: _____

4

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-093546**
JBH
NOV 10, 2021 04:02 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

WANNETTA PREMUSCA,
    Plaintiff,
    vs.

DKC TRANSPORTATION, LLC, TONY
ROBBINS, JOHN DOE and JOHN DOE,
LLC
    Defendants.

Civil Action No. _____

### INTERROGATORIES TO DEFENDANT TONY ROBBINS

By order of law you must answer the interrogatories separately and fully in writing under oath. Answers must be made by you personally. Answers must be served on the undersigned counsel for plaintiffs within forty five (45) days of the service hereof.

You must furnish all information available to you, including hearsay from other persons. That is, you must furnish information known or obtained by you, by your agents, by your attorneys, or appearing in your records.

You must exercise due diligence to secure full information to answer these interrogatories. If you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

## DEFINITIONS

"*You*" or *defendant*" or synonymous terms include, in addition to the defendant, all agents, employees, attorneys, and servants of the named defendant.

"*Identify*", with respect to communications of any kind, means to identify the persons making and receiving the communication, the date of the communication, and to quote as nearly as possible the exact terms of communication.

"*Identify*", with respect to persons, means to provide the full name, residence and business addresses, residence and business telephone numbers, title and place of employment.

"*Identify*", with respect to documents, books or other items of tangible evidence, means to provide the title or description of the item, the date of the item, and an identification of the custodian of the item.

"*Item of tangible evidence*" is defined in the broadest sense permitted by the applicable provisions of civil procedure, and specifically includes, without any limitation intended, all letters, memoranda, statements, reports, journals, appointment calendars, handwritten notes, files, file folders, photographs, books, tape recordings, transcripts, telephone records and recordings, all other electronic or phono recordings, all information in computers, in computer readable form or on microfilm, plans, surveys, diagrams, drawings, instructions, bills of sale, deeds, invoices, receipts, ledgers, tabulations, other records, and physical evidence of every kind. The term is not limited to items of evidence which have been admitted into evidence in any proceeding, not to items which you agree are admissible.

## GENERAL INFORMATION

1.      State your full name date of birth and employment history for the past five years

stating the reason for leaving each employment if applicable. and names and addresses of any relatives you have in the county where this law suit is pending.

2.      What is your residence address, including any apartment number, and the address and period of time you lived at each residence for the previous five (5) years?

3.      If you contend any other party is responsible for the injuries and/or damages sustained by Plaintiff, please identify same and state the duty which was breached.

4.      If you are not correctly identified in this complaint, please state the correct name and address for service.

5.      If you were improperly served, please state the factual basis for your contentions, and cite the legal authority upon which you are relying.

6.      Have you ever been convicted of a crime, either misdemeanor or felony, and if so, where and when?

7.      In the twelve (12) hour period immediately preceding the collision herein, did you consume any drug or alcoholic beverage, and if so, state the quantity consumed, name and address of place where drug or alcoholic beverage was consumed, the reason consumed and the time consumed.

8.      Did you undergo a drug test after the wreck? If so state where and when you had the test and the result of the test. If you did not have a drug test after the wreck state the reason that you did not have the test.

9.      Were you wearing glasses at the time of this collision; if so, explain the kind of eye disorder and the name and address of the doctor who examined your eyes.

10.     Do you have a valid driver's license, if so, does your driver's license have any restrictions on it, or did it at the time of the collision?

11.     How long had you operated this vehicle? Have you always driven the same truck for

U.S. Foods, Inc. If not please give the tag information and the dates you drove any other truck.

12.     How many automobile collisions have you been involved in, and please give a description of each.

13.     Please identify the beginning time and location for the trip which ended with the subject wreck indicating where you had been prior to the collision, where were you going at the time of the collision, and what time were you due to arrive at your destination?

14.     Were you in the course of your employment when this collision occurred, and if so, please state the name and address of your employer.

15.     Have you given any statements about this collision, if so, identify by name, address and telephone number, the individual and/or company to whom this statement was given.

16.     Please identify each and every individual you discussed any aspect of the subject wreck including but not limited to any employees or agents of Triple D Express, Inc or National Continental Insurance Company.

17.     Have you ever been a plaintiff or defendant in any civil action or any form of civil litigation, and if so, date the date, type of civil litigation and the court in which the civil action was filed.

## VEHICLE INFORMATION

18.     What ownership, interest or title did you have in the vehicle the driver was operating at the time the collision occurred?

19.     If you were the servant, agent or employee of the owner of said vehicle, state the circumstances under which you were operating the vehicle at the time of the collision.

20.     With respect to the vehicle you were operating at the time of the collision, state the

name, address, and last known residence address of the registered owner, and legal owner if other than the registered owner as of the date of this collision.

21.    State whether or not on the date of the collision the vehicle you were operating had any defects, and if so, the nature of the same.

22.    Describe the damage done to your vehicle as a result of the collision, and state whether it was repaired.  If repaired, please give the name of the person or company that repaired your vehicle and the total cost of said repairs.

23.    Identify each and every insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

(a)    Name and address of company;

(b    Limits of liability coverage;

(c)    Policy number; and

(d)    Named insured.

## COLLISION INFORMATION

24.    Did a collision occur between the vehicle in which plaintiff was operating and the vehicle you were operating on the date stated in the Complaint?

25.    State in detail your version of how this collision occurred.

26.    What was done by you in the operation of the vehicle to avoid the collision?

27.    At the first moment you saw the vehicle in which plaintiff was located, was it stopped of moving; and if his vehicle was moving, what was it speed?

28.    Insofar as you could observe, was the plaintiff's vehicle damaged as a result of this collision; and if so, what parts were damaged?

29.     What was the speed of the vehicle you were operating immediately prior to the time you first saw plaintiff's vehicle?

30.     How many feet from the plaintiff were you when you first saw plaintiff's vehicle?

31.     State the substance of every utterance made by or to you at the scene of the collision and identify the speaker by name, if known, or by any other facts which might led to discovery of the speaker's identity.

32.     State whether you received a citation of any sort as a result of this collision, and if so, state the nature of same, the disposition made and the court involved.

33.     Please state whether any photographs were made of the scene of the occurrence complained of, or of any vehicle or other physical object involved in the occurrence complained of. If so, please state the following:

(a)     The subject represented and all facts represented or shown;

(b)     The name, address, and telephone number of the person having possession, custody or control thereof.

34.     Please state whether you were familiar with the general area where this collision occurred.

## WITNESS INFORMATION

35.     State the name, address, and current telephone number of any and all persons who to your knowledge or belief were eyewitnesses to the collision or arrived at the scene of this collision immediately after its occurrence and at any time within one hour following.

36.     State the names, addresses, and current telephone number of any and all persons who accompanied you during any part of you trip prior to this collision, up to the collision.

37.     State the names, addresses and current telephone number of all persons who have

furnished statements, signed or unsigned, to you, your representative or attorney.

38.     Did you have a cell phone at the time of the wreck? Was it yours or was it provided by some other entity.  What was the carrier and the number?  Are you still in possession of the phone?

39.     Please identify any and all persons you expect to call as expert witness in the trial of this case, and give the substance of the facts and opinions to which the expert is expected to testify as well as his address and phone number.

40.     Please give the name, current address, place of employment and telephone number of all persons known to you or your attorney who have any knowledge of relevant information, facts, or circumstances which bear on any of the issues in the above captioned case.

## FMCSA

41.     Have you ever violated the federal motor carrier safety regulations?  If so please state the violation and whether or not the violation is known to your employer and/or any enforcement agency.

42.     Please state your number of hours on and off duty from the beginning of your week through the time of the wreck stating whether you were operating under a 60 or 70 hour work week.

/s/ Paul R. Ayerbe
PAUL R. AYERBE
GA. BAR NO. 029810

AYERBE & ARNOLD, LLC
3608 Vineville Avenue
Post Office Box 6073
Macon, Ga. 31208
(478) 474-2252